IN THE UNITED STATED DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**SILVER MOUNTAIN RESOURCES, LLC,**

    **Plaintiff,**

**v.**                                                                                                              **13-cv-0469 SMV/GBW**

**SILVER HOLDINGS, LLC, and**
**BULLARD'S PEAK CORP.,**[1]

    **Defendants.**

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THIS MATTER is before the Court on Defendant Silver Holdings, LLC's ("SH") Motion for Summary Judgment [Doc. 23] ("MSJ"), filed on September 13, 2013, and on Plaintiff Silver Mountain Resources, LLC's ("SMR") Motion for Leave to File Surreply [Doc. 44] ("Motion for Leave"), filed on November 8, 2013.  The Court has considered the briefing on the MSJ, [Docs. 23, 29, 31, 37, 41, 42, 43], as well the oral arguments presented during the hearing on the MSJ on November 8, 2013, [Doc. 45].  The parties have been provided with an abundance of opportunity to present arguments and responses.  The Court has considered all submissions by the parties, including the untimely filings of each party.[2]

Plaintiff's Motion for Leave seeks permission to file its Supplemental Response to Defendant's MSJ [Doc. 41] ("First Supplement"), previously filed on November 5, 2013.  However, the Court already granted leave for SMR to file its First Supplement, *see* [Doc. 39], and Defendant was provided with an opportunity to respond to the arguments raised by

---

[1] Defendant Bullard's Peak Corp. was dismissed without prejudice on August 29, 2013.  [Doc. 16].

[2] Counsel are advised that strict compliance with D.N.M.LR-Civ. 7.4 will be required henceforth.

Plaintiff's First Supplement at the hearing held on November 8, 2013.  Accordingly, Plaintiff's Motion for Leave to File Surreply [Doc. 44] is well-taken and should be **GRANTED**.

The Court, having considered the briefs, oral arguments, and relevant law, and being otherwise fully advised in the premises, **FINDS** that Defendant's Motion for Summary Judgment [Doc. 23] is not well-taken and should be **DENIED**.

### Background

SMR and SH entered into a Purchase and Sale Agreement and Escrow Instructions ("the Agreement") on October 22, 2012.  Complaint [Doc. 1], ¶ 11; Answer [Doc. 18], ¶ 11.  Pursuant to Section 3.2 of the Agreement, SMR was required to deposit "One million and no/100 dollars ($1,000,000)" into escrow within 120 days after the execution of the Agreement, if satisfied with the results of its due diligence.  [Doc. 1-3] at 4.

On February 25, 2013, SMR deposited into escrow a document purporting to be a negotiable bond issued by ING Bank in the amount of one million euros [Doc. 23] at 2; [Doc. 31] at 2.  SMR argues that SH agreed to accept the bond in lieu of the cash deposit and that the bond was to be substituted at closing with cash.  [Doc. 41] at 5.  In support of its position, Plaintiff presents various emails from Karren Weathers, the Managing Member of SH, acknowledging receipt of the bond into escrow and inquiring when it might be substituted for cash.  [Doc. 41-1] at 15–17, 30–34.  At oral argument, SH conceded that it did not raise any concerns about the bond with SMR until after the time for closing had passed.  [Doc. 45].

SMR scheduled the first closing date on March 25, 2013, but escrow did not close on that date.  [Doc. 1], ¶¶ 20–22; [Doc. 26], ¶¶ 20–22.  A second closing date was scheduled for April 5, 2013, but escrow did not close on that date either.  *Compare* [Doc. 1], ¶ 23 *with* [Doc. 26], ¶ 23.

**<u>Summary Judgment Standard</u>**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A dispute is genuine only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party" regarding that issue. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A fact is material only if it "might affect the outcome of the suit under the governing law." *Id.*

The movant bears the initial burden of "show[ing] that there is an absence of evidence to support the nonmoving party's case." *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991) (internal quotation marks omitted); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Once the movant meets this burden, Rule 56 requires the nonmoving party to designate specific facts showing that there is a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 324; *Liberty Lobby*, 477 U.S. at 256.  It is not enough for the party opposing a properly supported motion for summary judgment to "rest upon mere allegation or denials of his pleadings . . . ." *Liberty Lobby*, 477 U.S. at 256.  Nor can a party avoid summary judgment by repeating conclusory allegations, opinions unsupported by specific facts, or speculation. *MacKenzie v. Denver*, 414 F.3d 1266, 1273 (10th Cir. 2005).  To deny a motion for summary judgment, genuine factual issues must exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Liberty Lobby*, 477 U.S. at 250.  A mere "scintilla" of evidence will not avoid summary judgment. *Vitkus v. Beatrice Co.*, 11 F.3d 1535, 1539 (10th Cir. 1993).  "If the evidence is merely colorable, or is not significantly

probative, summary judgment may be granted." *Liberty Lobby*, 477 U.S. at 249 (citations omitted).

When reviewing a motion for summary judgment, courts should keep in mind three principles. First, the court's role is not to weigh the evidence, but to assess the threshold issue of whether a genuine issue exists as to material facts requiring a trial. *See id.* Second, the court must resolve all reasonable inferences and doubts in favor of the nonmoving party and construe all evidence in the light most favorable to the nonmoving party. *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999); *Liberty Lobby*, 477 U.S. at 255 ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."). Third, the court cannot decide any issues of credibility. *Liberty Lobby*, 477 U.S. at 255.

## New Mexico Contract Law

A federal court hearing a contract dispute by virtue of its diversity jurisdiction applies state law in analyzing the substantive legal questions associated with the dispute. *See Flood v. ClearOne Communications, Inc.*, 618 F.3d 1110, 1117 (10th Cir. 2010). Because the parties opted in their contract for New Mexico state law to govern the interpretation of their contract, *see* [Doc. 1-3] at 13, the Court applies New Mexico law in resolving this motion.

Under New Mexico law, a material breach of a contract by one party discharges the other party from performance of any remaining obligations under the contract. *Famiglietta v. Ivie-Miller Enterprises, Inc.*, 1998-NMCA-155, ¶14, 126 N.M. 69, 73. Additionally, a party's duty to perform under a contract does not arise until all conditions precedent to performance are satisfied. *W. Commerce Bank v. Gillespie*, 1989-NMSC-046, 108 N.M. 535, 537; *Elephant Butte Resort Marina, Inc. v. Wooldridge*, 1985-NMSC-014, 102 N.M. 286, 289 (1985).

There are circumstances under which a condition or obligation may be avoided. For example, a condition or obligation may be waived by the parties, or a party may be estopped from asserting the condition or obligation, or the contract may be modified. *J.R. Hale Contracting Co., Inc. v. United New Mexico Bank at Albuquerque*, 1990-NMSC-089, 110 N.M. 712, 717. The general rule is that waiver must be the intentional relinquishment or abandonment of a known right. *Id.* at 1990-NMSC-089, 110 N.M. 712, 716. However, "the intent to waive contractual obligations or conditions may be implied from a party's representations that fall short of an express declaration of waiver, or from his conduct." *Id.*

Furthermore, a waiver may sometimes be presumed "contrary to the intention of the party waiving certain rights," and in such situations, waiver by estoppel occurs. *Id.* at 717. To prove waiver by estoppel, one must show that "he was misled to his prejudice by the conduct of the other party into the honest and reasonable belief that such waiver was intended." *Id.* Accordingly, waiver by estoppel is applicable where a party has waited to assert the failure of a condition precedent. *Shaeffer v. Kelton*, 1980-NMSC-117, 95 N.M. 182, 186 ("Only when the plaintiff attempted to close the transaction did the defendant assert his right of nonperformance under the condition precedent. We agree with the trial court that the [condition] was waived and that the defendant is estopped from invoking the condition to justify his breach."). Whether waiver by estoppel exists is a determination of fact typically reserved for the factfinder. *See J.R. Hale Contracting Co., Inc*, 1990-NMSC-089, 110 N.M. 712, 719.

## Analysis

The Court finds that there are genuine issues of material fact regarding (1) whether SH waived the condition that SMR deposit one million dollars into escrow by not objecting to the

5

deposit of the bond before closing, (2) whether SH was excused from its obligations under the Agreement to close escrow, and (3) whether the bond is genuine.

SH argues that it is excused from performance under the contract because SMR breached section 3.2 of the Agreement.  [Doc. 23] at 4.  SH argues that SMR breached because (1) SMR deposited a bond into escrow in lieu of a cash payment; and (2) the bond it deposited was not genuine.  *Id.*  However, SH (1) did not object to the deposit of the bond in the escrow account at the time it was deposited; and (2) did not raise the issue of the validity of the bond until after the closing date.  *See* [Doc. 45].  The Court determines that there are genuine issue of material fact regarding whether SH waived the condition by not raising an objection at an earlier date.

Furthermore, on a motion for summary judgment, it is the movant's initial burden to demonstrate that there is an absence of evidence to support the non-moving party's case.  However, SH has provided the Court with no authority in its Motion, Reply, or at oral argument suggesting that it was excused from closing, even though it never raised the issue of the alleged failure of the condition precedent prior to closing.  *See* [Docs. 23, 37, 45].  Accordingly, the Court finds that SH has not met its initial burden of showing that SMR lacks evidence to support its case.

Lastly, after reviewing the documentary evidence and drawing all justifiable inferences in favor of SMR, the Court determines that there are genuine issues of material fact that remain regarding the genuineness of the bond.  *See Liberty Lobby*, 477 U.S. at 255 ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.").

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendant Silver Holdings, LLC's Motion for Summary Judgment [Doc. 23] is **DENIED**.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to File Surreply [Doc. 44] is **GRANTED**.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**